# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   07 CV 481 |
| | ) | |
| vs. | ) | Judge Charles R. Norgle |
| | ) | |
| AUSTIN BANK OF CHICAGO and | ) | Magistrate Judge Sidney Shenkier |
| THOMAS MALONE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION FOR
## <u>JUDGMENT AS A MATTER OF LAW</u>

Defendant Austin Bank of Chicago, by Richard Lee Stavins and Robert M. Winter, its attorneys, respectfully moves this Honorable Court, prior to submission of the case to the jury and pursuant to Rule 50(a), F.R.Civ.P., to resolve certain issues as a matter of law, in favor of defendant and against plaintiff, and to enter judgment for defendant and against plaintiff, as follows:

### The Rule 50(a) Standard

If a party has been fully heard on an issue and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the Court may resolve the issue against the party. The Court may then grant a motion for judgment as a matter of law against the party on a claim that can be maintained only with a favorable finding on that issue. Rule 50(a), F.R.Civ.P.

CE0598

1

**Count I – Issues of Liability**

1.      **There was no materially adverse employment action.**  On count I, defendant moves to resolve against plaintiff the issue of whether a materially adverse employment action was taken against plaintiff.  Plaintiff alleges that the June 27, 2006 write-up [Pltf. Exh.12, attached] was a materially adverse employment action.  The uncontradicted evidence is that plaintiff was given a second warning that day when she had a teller difference of $240; that the warning was in accordance with defendant's established teller difference policy [Pltf. Exh. 2, attached]; and that no adverse consequence ever befell plaintiff because of that write-up, including discharge, demotion, transfer, reduction in pay, reduction in benefits, lost wages, or anything else. Further, there is no evidence of any causal relationship between the June 27, 2006 write-up and Thomas Malone's conduct toward plaintiff.

2.      **Defendant exercised reasonable care to prevent and correct harassment.**  On count I, defendant moves to resolve against plaintff the issue of whether defendant exercised reasonable care to prevent and correct any harassing conduct in the workplace.  The uncontradicted evidence is that at all times defendant maintained a strong written policy absolutely prohibiting any sexual flirting or harassment of any kind [Deft. Exh. 5, pp. 10, 71, 72, attached]; that plaintiff provided training concerning that policy to all employees, including Malone and plaintiff; that nothing in Malone's background suggested any reason to suspect Malone might do anything plaintiff contends occurred; that when defendant learned of plaintiff's allegations concerning Malone, defendant suspended Malone, investigated the matter forthwith and discharged Malone ten days later.

3.      **Plaintiff unreasonably failed to take advantage of opportunities to prevent or correct harassment.**  On count I, defendant moves to resolve against plaintiff the issue of

CE0598

2

whether plaintiff unreasonably failed to take advantage of opportunities to prevent or correct harassment or otherwise avoid harm. The uncontradicted evidence is that plaintiff knew that defendant's policy on sexual harassment [Deft. Exh. 5, p.10, par. 4] stated that a person claiming to be harassed should report the matter to her supervisor *or* her department head [acknowledged to be Christine Sharkey] *or* the Human Relations Department [acknowledged to be Lloyd Shaprio] if the harassment involved her supervisor [which she claims it did]; and that plaintiff never reported anything to her department head or to Human Relations for eight months, although both were readily accessible to her.

## Count II – Issues of Liability

4. **Plaintiff was not assaulted.** On count II, defendant moves to resolve against plaintiff the issue of whether Thomas Malone assaulted plaintiff. The uncontradicted evidence is that Malone never threatened plaintiff with injury by physical force or caused plaintiff any immediate fear of any bodily harm.

5. **Plaintiff was not battered.** On count II, defendant moves to resolve against plaintiff the issue of whether Malone battered plaintiff. While there was evidence of touching, there was no evidence that the touching rose to the level of a battery of the plaintiff. The uncontradicted evidence is that Malone never hit plaintiff or used any force on plaintiff in any manner whatsoever.

6. **Defendant exercised reasonable care regarding Malone.** On count II, defendant moves to resolve against plaintiff the issue of whether defendant failed to exercise reasonable care in the hiring, supervising or firing of Thomas Malone. There is no evidence that the bank failed to exercise reasonable care in hiring Malone. The uncontradicted evidence is that

CE0598

3

defendant supervised Malone properly and that when defendant learned of plaintiff's allegations defendant suspended Malone and then fired Malone 10 days later.

7. **Defendant could not have prevented any alleged assault and battery.** On count II, defendant moves to resolve against plaintiff the issue of whether defendant could have prevented the alleged assault and battery of plaintiff by exercising care in the hiring, supervising or firing of Malone. There is no evidence that defendant could have done anything, before it learned of plaintiff's allegations, to prevent Malone's alleged conduct.

8. **Assault and battery claims are preempted.** On count II, defendant moves for judgment of dismissal due to lack of subject matter jurisdiction, predicated upon the testimony at trial. Plaintiff's state law assault and battery claims in count II are preempted by the Illinois Human Rights Act and by the mandate of that statute that no Illinois court shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in that statute. 775 ILCS 5/8-111(C). Sexual harassment is a civil rights violation. 775 ILCS 5/2-101(E) and 2-102(D). Where the allegations of the state tort are inextricably linked to the federal allegations of sexual harassment, there is preemption. *Quantock v Shared Marketing Services, Inc.,* 312 F.3d 899 (7th Cir. 2002).

In *Naeem v McKesson Drug Co.,* 444 F.3d 593 (7th Cir. 2006), the Court of Appeals found no preemption under 775 ILCS 5/8-111(C), because the conduct of the alleged wrongdoer in that case was "not just sexually harassing conduct" and accordingly plaintiff's claim "rest[ed] not just on behavior that is sexually harassing, but rather behavior that would be a tort no matter what the motives of the defendant." 444 F.3d at 605. The conduct alleged by plaintiff in *Naeem* included a pattern of behavior by the defendants that created impossible deadlines, set up obstacles to plaintiff's performance of her job and sabotaged her work. *Id*. Those things were not acts of sexual

CE0598

4

harassment. Rather, they were acts that would independently constitute a state tort action for intentional infliction of emotional distress. Hence, there was no preemption in *Naeem*.

Contrast that with the evidence in the case at bar. Here, each of plaintiff's allegations of assault and battery depends entirely on the facts that she claims support her allegations of sexual harassment, with no evidence of any behavior by Malone that would be a tort no matter what the motives of Malone. Everything that Malone allegedly did that plaintiff says was an assault and battery [touching her buttocks, touching her breasts, brushing against her, etc.] was exactly what she says was sexual harassment of her. The evidence in this case has not established anything that Malone did that could independently be an assault or battery, such as hitting plaintiff, threatening plaintiff with force, etc. The alleged sexual harassment and the alleged assault and battery are not merely incidental to each other in this case. Under the evidence introduced at trial, they are totally one and the same. Hence, there is preemption here.

## Count I – Issue of Punitive Damages

9. **Defendant made a good faith effort to implement an anti-harassment policy.** On count I, defendant moves to resolve against plaintiff the issue of punitive damages. The uncontradicted evidence is that defendant made a good faith effort to implement an anti-harassment policy. Indeed, the evidence is that the defendant went far beyond making a good faith effort, and did in fact implement and maintain such a policy [Deft. Exh. 5, pp. 10, 71, 72]. The law on this issue is clear: "You should not … award plaintiff punitive damages if defendant proves that it made a good faith effort to implement an anti-discrimination [anti-harassment] policy." Seventh Circuit Civil Pattern Jury Inst. No. 3.13, 3d parag.; *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 482 (7th Cir. 2003; *Bruso vs. United Airlines*, 239 F.3d 848, 857-58 (7th Cir. 2001); *Kolstad vs. American Dental Ass'n,* 527 U.S. 526, 545, 119 S.Ct. 2118 (1999).

CE0598

5

**Count II – Issue of Punitive Damages**

10.     **There was no deliberate violence or oppression.** On count II, defendant moves to resolve against plaintiff the issue of punitive damages. Illinois has long allowed punitive damages for assault and battery only where the assault and battery was committed with malice, deliberate violence, oppression or wanton recklesness. *Drohn v Brewer,* 77 Ill. 280, 283 (1875); *In re Marriage of Duerr,* 250 Ill.App.3d 544, 621 N.E.2d 114, 120 (1st Dist. 1993). There is no evidence of such conduct in this case.

WHEREFORE, defendant prays the Court resolve the issues described above in favor of defendant and against plaintiff; and predicated upon the Court's resolution of said issues against plaintiff, defendant prays the Court grant judgment for defendant and against plaintiff, as a matter of law, on the claims pleaded by plaintiff in Count I and Count II.

Respectfully submitted,

/s/   Richard Lee Stavins
RICHARD LEE STAVINS
Attorney for Defendant Austin Bank of Chicago
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, IL    60602
Phone: 312-782-9000;Fax: 312-792-6690
Email: rstavins@rsplaw.com

CE0598

6

<center>**CERTIFICATE OF SERVICE**</center>


I hereby certify that on June 29, 2009 I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Uche O. Asonye, Esq.
Asonyye & Associates
39 South LaSalle Street
Suite 815
Chicago, IL 60603
usche@aa-law.com

Scott C. Fanning, Esq.
Asonye & Associates
39 South LaSalle Street
Suite 815
Chicago, IL 60603
sfanning@aa-law.com

Sheila M. Finnegan, Esq.
Mayer Brown, LLP
71 S. Wacker Drive
Chicago, IL 60606
sfinnegan@maybrown.com

Catherine A. Bernard, Esq.
Mayer Brown, LLP
71 S. Wacker Drive
Chicago, IL 60606
cbernard@mayerbrown.com

<div style="margin-left:45%">

<u>/s/ Richard Lee Stavins 02710099</u>
Richard Lee Stavins
Attorney for Defendant Austin Bank of Chicago
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, IL 60602
Phone: 312-782-9000
Fax: 312-782-6690
email: rstavins@rsplaw.com

</div>

CE0598

<center>7</center>